UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| US BANK NATIONAL ASSOCIATION AS LEGAL TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST, <br><br> Plaintiff <br><br> v. <br><br> KATHLEEN M. KEEFER, et al., <br><br> Defendants | ) ) ) ) ) ) ) ) 1:19-cv-00155-JDL ) ) ) ) ) |

**RECOMMENDED DECISION ON SHOW CAUSE ORDER**

On March 8, 2022, the Court ordered Plaintiff to show cause in writing why the default entered as to the original complaint against Defendants Edward Keefer and Stephen R. Chapman[1] (Order Granting Motion for Entry of Default, ECF No. 13) should not be vacated and why Plaintiff should not be required to serve Defendants with the second amended complaint (Second Amended Complaint, ECF No. 52).[2] (Order to Show Cause,

---

[1] Unless otherwise noted, "Defendants" refers to Edward Keefer and Stephen R. Chapman.

[2] The show cause order and Plaintiff's response to the order raise the issue of whether the Court should set aside a default entered against Defendants. Whether a magistrate judge has the authority to grant a motion to set aside a default appears to be somewhat uncertain. *Compare Conetta v. National Hair Care Centers, Inc.*, 236 F.3d 67, 74 (1st Cir. 2001) ("not clear whether the Rule 55(c) motion could be regarded as a 'pretrial' motion."); *Espinoza v. Ryan*, No. CV-17-3983-PHX-ROS (JFM), 2018 WL 8017179, at *1 (D. Ariz. Dec. 6, 2018) ("motion to set aside default is at least arguably dispositive, and thus outside the jurisdiction of the [] magistrate judge."); *Business Credit Leasing, Inc. v. City of Biddeford*, 770 F. Supp. 31, 32 n.1 (D. Me. 1991) (denial of motion to set aside default in effect dispositive of all defenses and thus magistrate judge decision treated as recommended decision), *with Johnson v. New York University*, 324 F.R.D. 65, 66 n.2 (S.D.N.Y. 2018) ("motion to set aside default is subject to disposition by a magistrate judge under 28 U.S.C. § 636(b)(1)(A)"); *J&J Sports Productions, Inc. v. Martinez*, No. 1:11CV754, 2013 WL 2147790, at *1 n.2 (M.D.N.C. May 16, 2013) (decision to set aside default constitutes a pretrial matter that does not dispose of any claim or defense and thus the motion to set aside default is subject to disposition by magistrate judge). Given the uncertainty, I have issued a recommended decision.

ECF No. 56.) In response to the order, Plaintiff argues that the default should not be set aside because "the factual predicates and claims for relief are identical across all three complaints," and, therefore, service of the subsequent amended complaint was not required pursuant to Federal Rule of Civil Procedure 5(a)(2). (Response to Order to Show Cause at 2, ECF No. 57.)

Following a review of the record and after consideration of Plaintiff's response to the show cause order, I recommend the Court set aside the default and find that Plaintiff is not required to serve the second amended complaint on Defendants.

## PROCEDURAL BACKGROUND

Plaintiff filed its original complaint on April 11, 2019, alleging that Defendants Kathleen M. Keefer, Edward Keefer and Stephen R. Chapman breached a condition of their mortgage with Plaintiff by failing to make payment on the note secured by the mortgage and that Plaintiff was entitled to foreclose on the mortgage. (Complaint, ECF No. 1.) When Plaintiff did not file proof of service, the Court ordered Plaintiff to show cause why such service was not made. (Order to Show Cause, ECF No. 5.) Plaintiff then filed returned summonses executed by Kathleen and Edward (Summonses, ECF Nos. 6 & 7), and an affidavit of service as to Stephen. (Affidavit, ECF No. 8.)

Defendants did not respond to the complaint, and on August 15, 2019, Plaintiff moved for the entry of default. (Motion for Entry of Default, ECF No. 12.) That same day, the Clerk entered default in favor of Plaintiff and against Defendants. (Order Granting Motion for Entry of Default, ECF No. 13.) Following entry of the default, Plaintiff moved for default judgment against Defendants on September 11, 2019. (Motion for Default

Judgment, ECF No. 14.)  The Court scheduled a hearing on the motion for November 18, 2019.  (Notice, ECF No. 17.)  Plaintiff moved to continue the hearing, which motion the Court granted. (Motion to Continue, ECF No. 18; Order, ECF No. 19.)

On December 5, 2019, the Court granted Plaintiff's motion to amend its complaint. (Motion to Amend, ECF No. 20; Order, ECF No. 21.)  The first amended complaint added Kathleen as a defendant in her capacity as personal representative of the estate of Frederick Herbert Chapman.  (First Amended Complaint, ECF No. 22.)  Other than the allegation regarding Kathleen's appointment as personal representative of the estate and reference to the estate in certain allegations, the first amended complaint was essentially identical to the original complaint.  (*Compare* First Amended Complaint at ¶¶ 5, 22, 25, 34, 35 *with* Complaint at ¶¶ 5, 22, 25, 34, 35.)

Plaintiff filed Kathleen's executed waiver of service on March 5, 2020.  (Waiver, ECF No. 26.)  When Kathleen did not respond to the first amended complaint, on May 7, 2020, Plaintiff requested the entry of default against Kathleen as personal representative. (Motion for Entry of Default, ECF No. 27.)  On May 8, 2020, the Clerk entered default against Kathleen in her capacity as personal representative of the estate of Frederick Herbert Chapman.  (Order Granting Motion for Entry of Default, ECF No. 28.)  Plaintiff did not file a proof of service as to Edward and Stephen.

On May 22, 2020, the Court denied Plaintiff's motion for default judgment as moot based on the filing of the first amended complaint.  (Order, ECF No. 29.)  Plaintiff again moved for default judgment against Defendants on June 19, 2020.  (Motion for Default Judgment, ECF No. 30.)  The Court set a hearing for February 25, 2021.  (Notice, ECF No.

3

36.) On January 28, 2021, Plaintiff moved to continue the damages hearing, informing the Court that Kathleen had died, which required (1) the appointment of a special administrator for her estate and successor personal representative for the estate of Frederick Herbert Chapman, and (2) the amendment of Plaintiff's complaint upon the completion of the probate matters. (Motion to Continue, ECF No. 37.) The Court granted Plaintiff's motion to continue (Order, ECF No. 38), and denied as moot Plaintiff's second motion for default judgment. (Order, ECF No. 39.)

On May 5, 2021, Plaintiff filed a motion to stay the case during the pendency of the probate matters, which motion the Court granted. (Motion to Stay, ECF No. 42; Order, ECF No. 43.) On October 12, 2021, Plaintiff filed a motion to amend its complaint. (Motion to Amend, ECF No. 49.) The Court granted Plaintiff's motion on November 3, 2021. (Order, ECF No. 51.) The second amended complaint added Benjamin Campo, Esq, as a defendant in his capacity as special administrator of the estate of Frederick Herbert Chapman, removed Kathleen as a defendant, and, in its request for relief, added a request that the Court find "Defendants entered into a contract for a sum certain in exchange for a security interest in the subject property." (Second Amended Complaint at ¶¶ 4, 11 & at 9, ¶ A, ECF No. 52.) Otherwise, the second amended complaint is nearly identical[3] to the previous complaints. Plaintiff filed the waiver of service executed by Defendant Campo

---

[3] Certain factual assertions have been added or modified in the second amended complaint—e.g., it specifies that the estate of Frederick H. Chapman, Edward Keefer and Stephen Chapman are tenants in common of the subject property, that Frederick H. Chapman retained a life estate in it, and that Kathleen M. Keefer and Edward Keefer were joint tenants until her death—and Plaintiff no longer makes a claim for unjust enrichment against Stephen Chapman. (*See* Second Amended Complaint at ¶¶ 6, 7, 8, 9, 42-45.)

(Waiver, ECF No. 53), and Defendant Campo filed his answer to the second amended complaint on November 19, 2021. (Answer, ECF No. 54.)

On March 8, 2022, the Court issued the show cause order.

## DISCUSSION

The issues generated by Plaintiff's response to the Court's show cause order are (1) whether Plaintiff is required to serve the second amended complaint on Defendants, and (2) whether the default entered against Defendants[4] on the initial complaint should be set aside given Plaintiff's amended complaints.  Plaintiff contends the default should remain because Rule 5(a)(2) does not require Plaintiff to serve Defendants with the second amended complaint.

**A.   Service of the Second Amended Complaint**

Because a default has been entered against Defendants, service of the second amended complaint is governed by Federal Rule of Civil Procedure 5(a)(2), which provides generally that "[n]o service is required on a party who is in default for failing to appear." If a pleading "asserts a new claim for relief against" a defaulted party, however, the pleading "must be served on that party under Rule 4." Fed. R. Civ. P. 5(a)(2).

The issue, therefore, is whether the second amended complaint asserts a "new claim for relief" against Defendants.  Most courts appear to consider additional theories of recovery to be "new claim[s] for relief." *See, e.g., Bricklayers & Allied Craftworkers Local*

---

[4] Plaintiff does not include reference to Kathleen in its response to the order to show cause, and, as noted, Kathleen is not named as a defendant, either as an individual or in her prior capacity as personal representative of the estate of Frederick H. Chapman, in the second amended complaint.

*Union No. 3 v. Palomino*, No. C-09-01589-CW (DMR), 2010 WL 2219595, at *4 (N.D. Cal. June 2, 2020) (addition of breach of contract claim and claim based upon an alleged statutory violation in amended complaint found to require service on defaulted defendants under Rule 5(a)(2)).  Here, other than clarifying certain facts supporting its allegations against Defendants, Plaintiff's only substantive addition is its request for the Court to find "Defendants entered into a contract for a sum certain in exchange for a security interest in the subject property." (Second Amended Complaint at 9, ¶ A.)  In its original complaint, Plaintiff sought to foreclose on the property.  Through this additional request, Plaintiff simply asks the Court to make a factual finding necessary to establish Plaintiff's right to foreclose on the subject property.  *See Bank of America, N.A. v. Greenleaf*, 2014 ME 89, ¶¶ 20-21, 96 A.3d 700.   The addition did not alter Plaintiff's claim nor modify the type of relief it requests.  Plaintiff's second amended complaint therefore does not assert a "new claim for relief" within the meaning of Rule 5(a)(2).  Plaintiff is not required under Rule 5(a)(2) to serve the second amended complaint on Defendants.  *See Blair v. City of Worcester*, 522 F.3d 105, 110 (1st Cir. 2008) (reversing dismissal for failure to serve amended complaint because it "did not urge any new, substantive claims against … defendants, [and] service of process was not required" under Rule 5(a)(2).).[5]

**B.    Status of the Default**

"An amended complaint, once filed, normally supersedes the antecedent complaint" and renders the prior complaint "a dead letter." *Connectu LLC v. Zuckerberg*,

---

[5] Because the claims against Defendants in Plaintiff's first amended complaint were identical to the claims in the original complaint, Plaintiff was also not required to serve the first amended complaint on Defendants.

522 F.3d 82, 91 (1st Cir. 2008). Consistent with this principle and in accord with decisions of other district courts and the Maine Supreme Judicial Court, this District has held that with the amendment of a complaint, the default on the superseded complaint is moot and should be set aside. *Arayos LLC v. Sykdal Inc.*, No. 1:14-CV-00060-NT, 2014 WL 12772198, at *1 (D. Me. Aug. 11, 2014) ("[m]any courts, including the Maine Supreme Judicial Court, sitting as the Law Court, have held that the filing of an amended complaint moots a clerk's entry of default because the amended complaint supersedes any prior complaint and effectively nullifies the earlier-filed complaint." (citing *TD Banknorth v. Hawkins*, 2010 ME 104, ¶ 22, 5 A.3d 1042, 1048)); *Wilmington Sav. Fund Soc'y, FSB v. Grimaldi*, 2:19-cv-00152-JAW, 2020 WL 3874166, at *3 (D. Me. July 9, 2020) (citing reasoning of *TD Banknorth* and *Arayos* in discussing potential effect of amended complaint on status of defaulted defendants); *U.S. Bank Trust, N.A. v. Pelletier*, 2:19-cv-00150-JAW, 2020 WL 13030769, at *2 (D. Me. Jan. 27, 2020) (same).

Contrary to Plaintiff's argument, Rule 5(a)(2) does not require a different result. Whether Plaintiff must serve Defendants with the amended complaint might inform the process after the default is set aside, but it does not govern whether the default should be set aside. When service of an amended complaint is required under Rule 5(a)(1), an amended complaint becomes the operative complaint upon service. *Int'l Controls Corp. v. Vesco*, 556 F.2d 665 (2d Cir. 1977); *Mach v. Florida Casino Cruise, Inc.*, 187 F.R.D. 15, 18 (D. Mass. 1999). Because service is not required when a party has defaulted, the issue is whether the original complaint and default remain operative as to a defaulted party or whether the amended complaint becomes operative as to defaulted party upon filing.

7

Some courts have concluded that the amended complaint becomes operative as to a defaulted party upon filing of the amended complaint. *See*, *e.g.*, *Allstate Ins. Co. v. Yadgarov*, No. 11-CV-6187 (PKC) (VMS), 2014 WL 860019, at *7 (E.D.N.Y. Mar. 5, 2014) ("when service is not required on a defaulting defendant under FRCP 5(a)(2), an amended complaint supersedes the original upon filing."); *Benavidez v. Piramides Mayas Inc.*, No. 09 Civ. 5076(KNF), 09 Civ. 9574(KNF), 2013 WL 2357527, at *4-5 (S.D.N.Y. May 24, 2013). The Court in *Yadgarov* explained some of the reasoning that supports such an approach:

> [D]ue process requires providing clarity to defaulting defendants as to which pleading, if any, they have defaulted on, so that they may properly contest the default, should they so choose…. Clarity is not possible if … a plaintiff can file an amended complaint on the docket then select through service when and if that pleading becomes operative as to defaulting defendants. Requiring service to effect an amended complaint when FRCP 5(a)(2) explicitly excuses service would create needless complications and unfairly prejudice the defaulting defendant.

2014 WL 860019, at *11-12. [6]

Plaintiff's approach – the complaint as to a defaulted party for whom service is not required remains the operative pleading as to the defaulted party despite the amendment of

---

[6] Some courts have allowed the default to remain in effect and permitted the plaintiff to proceed on multiple complaints in the same action (i.e., one complaint as to the defaulted parties and another complaint against the non-defaulted parties. *See, e.g., Western Sur. Co. v. Leo Constr.*, No. 3:12-CV-1190-CSH, 2013 WL 144097, at *9 (D. Conn. Jan. 11, 2013) ("'a plaintiff might be unable to obtain judgment against a defendant who, although properly served with the original complaint, evades service of an amended complaint.'" (quoting *Finkel v. Hall-Mark Elec. Supplies Corp.*, No. 08-CV-0446 (RRM)(SMG), 2009 WL 3401747, at *3 (E.D.N.Y. Oct. 21, 2009)). Because service upon a defaulted party is only required if the amended complaint includes a new claim against the defaulted party, the concern identified by the District of Connecticut is mitigated, if not eliminated.

the complaint – would result in more than one operative complaint in the same case and thus risk confusion. The sound approach is to recognize that the amended complaint becomes the operative complaint against a defaulted party upon the filing of the amended complaint, and that upon the filing of the amended complaint, the original complaint and the default entered on the complaint are essentially moot. With no requirement of service, a plaintiff can then seek a default on the amended complaint against the party that defaulted on the original complaint. The court in *Alfa Vision Ins. Co. v. Lopez*, No. 5:17-CV-05201, 2019 WL 1150507 (W.D. Ark. Mar. 13, 2019), offered a rational explanation in support of this approach:

> At first blush, it may seem overly technical to moot the Clerk's default as to the original complaint and require [the plaintiff] to seek Clerk's defaults as to the Amended Complaint. However, the Court finds value in maintaining this requirement, simply because one operative complaint should govern the case at all times. If the Court entered a default judgment against all Defendants, but based the judgment in part on Clerk's orders referencing two operative pleadings, the judgment itself would acknowledge the simultaneous existence of two operative complaints. For the sake of clarity of the record and to avoid confusion to the parties, the rule must be that a Clerk's default that refers to a defunct, superseded complaint must be moot. *See Allstate Ins. Co. v. Yadgarov*, 2014 WL 860019, at *12 (E.D.N.Y. March 5, 2014 (explaining why "multiple operative pleadings in the same action, especially with multiple defendants, can be a recipe for procedural confusion.").

2019 WL 1150507, at *2.

While the approach would appear to promote form over substance, the process is in accord with the general effect of an amended complaint (i.e., an amended complaint supersedes the original complaint), would avoid unnecessary confusion, and would be consistent with the proposition that each case should have one operative complaint. In this

9

case, because the second amended complaint superseded the original complaint on which default was entered against Defendants, the original complaint is not the operative pleading and Plaintiff cannot proceed to a default judgment on the original complaint. The default, therefore, should be set aside. Because Plaintiff is not required to serve Defendants with the second amended complaint, Plaintiff may seek a default as to Defendants on the second amended complaint.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court (a) find that Plaintiff is not required to serve the second amended complaint on Defendants, (b) set aside the default as to Defendants on the original complaint, and (c) terminate the order to show cause.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 26th day of April, 2022.

10